IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JERRY DALE GREEN,            )
                             )
        Plaintiff,           )
                             )
v.                           )     Case No. CIV-10-415-KEW
                             )
JOEL MARK HARGIS,            )
an individual; and           )
WESTERN EXPRESS, INC.,       )
                             )
        Defendants.          )

## OPINION AND ORDER

This matter comes before the Court on the Motion to Withdraw as Counsel of Record Without Substitution and Request for Emergency Hearing to Withdraw as Counsel filed by Phillip L. Votaw, Plaintiff's counsel on March 19, 2012 (Docket Entry #64). On March 21, 2012, this Court conducted a hearing on the Motion. Appearing at the hearing were Phillip Votaw, Plaintiff's counsel and the Movant and Stephen McClellan and David Senger for Defendants.

Counsel for Plaintiff outlined the ethical dilemma created by his client's testimony at a deposition given in this matter which Mr. Votaw states suggests Plaintiff may be committing a fraud upon the Court in this action. As a result, counsel seeks to withdraw as Plaintiff's counsel of record.

In response, Defendants contend they believed a settlement agreement in this case had been reached and now seek to enforce it. Defendants also seek a dismissal with prejudice of this case based upon the alleged fraud and deliberate deceptions Plaintiff has

allegedly committed in the prosecution of this case. Alternatively, should this Court determine to dismiss this case without prejudice, Defendants object to allowing Mr. Votaw to withdraw as Plaintiff's counsel since considerable time and expense has been expended in the preparation of this case for trial. To that end, if the case is dismissed without prejudice, Defendants seek an order requiring Plaintiff to pay any of their attorneys' fees which would have to be duplicated in any re-filed action.

This Court first addresses whether the parties reached a settlement agreement and whether it should be enforced as against Plaintiff. Clearly, "[a] trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." Shoels v. Klebold, 375 F.3d 1054, 1060 (10th Cir. 2004). Where the formation of a purported settlement agreement is at issue, the court looks to state contract law to resolve the matter. Id. In Oklahoma, the existence of a contract, and in particular "whether the minds of the parties ever met in complete agreement" is a question of fact. Gomes v. Hameed, 184 P.3d 479, 485 (Okla. 2008). With such a factual question, federal law dictates that the issue be resolved by the court. Shoels, *supra* at 1056; United States v. Hardage, 982 F.2d 1491, 1496-97 (10th Cir. 1993)(remanding case to the district court to conduct an evidentiary hearing on factual question over the existence of a valid settlement agreement).

Mr. Votaw spoke with Defendants' counsel on March 15, 2012 about the possibility of settlement of the case. By March 19, 2012, an offer had been extended by Defendants and Mr. Votaw initially informed counsel the offer had been rejected. Later, however, Mr. Votaw said he believed they could settle the case, that Plaintiff was on his way to counsel's office, and that the settlement would have to be in writing and signed by Plaintiff due to his propensity toward dishonesty. Mr. Votaw states he informed Defendants' counsel that he would either transmit a letter to counsel stating that the settlement was signed and agreed to by Plaintiff or Mr. Votaw would file a motion to withdraw. The motion to withdraw was filed later that day. Mr. Votaw contends he never had authority to settle the case from Plaintiff and, therefore, would never have agreed to do so.

Mr. McClellan states that he believed the settlement offer had been accepted by Mr. Votaw on behalf of his client. He further states that he believed that the signed agreement was merely a formality and not a requirement to demonstrate acceptance.

The parties in discussion certainly cannot be said to have reached a meeting of the minds in relation to an acceptance of the settlement terms. Given the problems with his client, it was entirely reasonable that Mr. Votaw would have made a signed agreement a condition of acceptance. His filing of the motion to withdraw demonstrated the lack of acceptance by his client. Mr.

McClellan did not believe the signed agreement was a condition of acceptance. No meeting of the minds on this condition occurred. The request to enforce the settlement agreement will be denied because no settlement agreement existed.

Mr. Votaw's request to withdraw as counsel for Plaintiff is properly made and should be granted. Plaintiff appears to have stepped off an ethical precipice by giving evidence under oath at a deposition that Mr. Votaw knows not to be true. He can no longer represent him in this action knowing that evidence will be presented at trial. Mr. Votaw will be required to remain available to insure service upon Plaintiff of any orders, deadlines, or hearing notices entered by this Court and any filings by Defendants' counsel.

As for the dismissal of this case, this Court finds that the appropriate vehicle to seek this relief is a separate motion rather than through the pending motion to withdraw. Defendants will be permitted to file such a motion, Plaintiff will be allowed to respond to the motion, and an evidentiary hearing will be conducted on its viability.

IT IS THEREFORE ORDERED that the Motion to Withdraw as Counsel of Record Without Substitution and Request for Emergency Hearing to Withdraw as Counsel filed by Phillip L. Votaw, Plaintiff's counsel on March 19, 2012 (Docket Entry #64) are hereby **GRANTED**. Mr. Phillip Votaw is deemed **WITHDRAWN** as Plaintiff's counsel of record.

IT IS FURTHER ORDERED that Defendants' Motion to Enforce Settlement Agreement contained within their response to counsel's Motion to Withdraw is hereby **DENIED**, for the reasons stated herein.

IT IS FURTHER ORDERED that the remaining deadlines set forth in the minute orders of October 7, 2011 and October 28, 2011 are hereby **STRICKEN** to be reset, if necessary, at a later date. Accordingly, the jury trial set for April 16, 2012 is hereby **STRICKEN**.

IT IS FURTHER ORDERED that Defendants are granted leave to file a motion to dismiss and shall file any such motion by **MARCH 28, 2012**. Thereafter, Plaintiff shall file any response by **APRIL 6, 2012**. Defendants may file a reply by **APRIL 11, 2012**. A hearing shall be conducted on Defendants' motion on **APRIL 16, 2012 AT 9:30 A.M.** THE FAILURE OF PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION BY THE DATE SPECIFIED OR APPEAR AT THE HEARING EITHER PERSONALLY OR THROUGH COUNSEL SHALL RESULT IN THE IMMEDIATE DISMISSAL OF THE CASE WITHOUT FURTHER NOTICE OR HEARING.

IT IS FURTHER ORDERED that Mr. Votaw serve a copy of this Opinion and Order upon Plaintiff and file proof of that service with this Court within 3 days of its entry.

IT IS SO ORDERED this 22nd day of March, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE