IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY DALE GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-415-KEW |
| ) | |
| JOEL MARK HARGIS, ) | |
| an individual; and ) | |
| WESTERN EXPRESS, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter comes before the Court on the Defendants' Motion to Dismiss (Docket Entry #72). This Court conducted a hearing on the Motion on April 16, 2012 with Plaintiff present *pro se* and Defendants represented through their counsel of record.

This Motion is admittedly unusual precipitated by unusual circumstances. The facts of this case surround what can be characterized as a routine traffic accident with allegations of negligence on Defendant Joel Hargis ("Hargis"), the driver of the vehicle which struck Plaintiff Jerry Green's ("Green") vehicle, during the course and scope of Hargis' employment with Defendant Western Express, Inc. Green was represented by counsel until counsel was permitted to withdraw from the case on March 22, 2012 due to ethical difficulties which counsel believed precluded him from representing Green. Subsequently, Defendants filed the subject Motion based upon Green's alleged actions which Defendants contend constitute a fraud on the court.

The specifics of Green's alleged scheme are largely derived from recordings made in the jail while Green was incarcerated on charges of rape and rape by instrumentation involving his daughter. Defendants contend the recordings reveal (1) Green did not need surgery on his back but will get more money if he has surgery; (2) Green was injured while incarcerated in the jail when he was tackled and pushed down stairs and beaten by other inmates; (3) Green offered to give the victim and her mother money from this lawsuit if they would change their testimony or get the charges dropped and get Green out of jail; this statement led to Green being charged with suborning perjury in state court; and (4) Green assured his wife, Bobbie Green, that she would receive money from this lawsuit if she would not reveal information about the source of his new back injuries.

Defendants also contend Green provided false testimony in his deposition by (1) stating he had not been previously convicted of a felony when he had such a conviction in 1994 for possession of marijuana with the intent to distribute; (2) denying under oath during his deposition that he had told anyone that his back surgery was unnecessary but would increase his damages in this lawsuit; and (3) denying under oath during his deposition that his back injury was any worse than when he entered jail, despite jailhouse recording of Green telling his wife that he hurt his back in jail.

Defendants identify other actions which might be characterized

as acts of deceit by Green.  In this vein, Defendants assert Green admitted to committing tax fraud during his deposition and falsely stated in his plea agreement on current charges that he had not been previously convicted of a felony.  Defendants contend Green's transgressions are sufficiently severe to warrant dismissal of this action with prejudice to refiling.

At the hearing on Defendants' Motion, Green stated that he knew some things to which he testified in his deposition were incorrect but failed to submit an errata sheet to correct the errors.  Additionally, Green testified that he believed his prior marijuana conviction to be a misdemeanor and only now realizes it was a felony.  Green stated that he has a ninth grade education. He further testified that not everything he told his wife in the recorded telephone conversations was true - he was trying to get out of jail by appealing to his wife and by telling jail officials he had been beaten up and knocked down stairs at the jail by other inmates.

Green testified he was on medication at the time of his deposition, although Defendants state that Green was questioned concerning his medications and Green did not state he was affected by them at the time of the deposition.  Green also states that one of his physicians had told him he needed back surgery, although he could not identify which doctor informed him of this and, according to Defendants, none of Green's physicians stated in their reports

3

Green needed surgery.

Dismissal as a sanction is available as a part of the court's inherent powers when a fraud has been perpetrated by a plaintiff, including when he perjures himself during the discovery process. Chavez v. City of Albuquerque, 402 F.3d 1039, 1043 (10th Cir. 2005)(citations omitted). It is cautioned, however, that this remedy should be exercised with restraint and only in cases of "willfulness, bad faith, or [some] fault of the petitioner." Id. at 1044. The non-exhaustive list of factors examined by the Tenth Circuit include (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Id. (citations omitted).

Defendants have suffered prejudice in the discovery process by receiving untruthful and incomplete evidence from Green which hampered their ability to prepare an appropriate defense to the claims asserted by Green. Indeed, Green's now withdrawn attorney presented information which was sufficiently deceiving such that he ethically was forced to withdraw from the action. However, the false or incomplete evidence offered by Green which actually has a bearing upon this case must be separated from both Green's criminal activity and other information which has no impact upon the

presentation of the evidence to a jury.  The facts of this case and attendant claims are, after all, derived from a traffic accident and not a criminal activity.  To that end, the prejudice to Defendants may be cured by fashioning a different sanction against Green rather than imposing the harshest of sanctions - involuntarily extinguishing his claims.

The interference with the judicial process is undeniable but certainly minimal.  The case has been delayed but that delay has worked primarily to the prejudice of Green.

Green is certainly culpable for his own actions in presenting false testimony or hatching a scheme to present false testimony. It must be remembered that a good deal but not all of the allegedly false information was provided by Green in the telephone conversations with his wife and not as a part of the discovery process in this case.  While Green's actions in attempting to influence the victim to his crime's testimony might generally be viewed as despicable, it has little relevancy to this case.

No warning was provided by this Court to Green that a dismissal could result in giving false testimony.  None should have been needed given the oath taken before a deposition but nevertheless none was expressly provided by this Court.

Finally, this Court must examine the potential efficacy of lesser sanctions.  As stated, Green's actions cannot be tolerated or ignored if the judicial process and the oath is to have any

integrity.  Different sanctions - whether they be lesser or not is debatable - will achieve the desired goal of maintaining the sanctity and honor of the judicial process without eliminating Green's claims by dismissal.  This Court finds the more favorable avenue of sanction will permit Defendants to place before the jury the attempted exacerbation of damages through an allegedly unnecessary surgery, the injuries he allegedly sustained while in jail, the motivation of promising money from this lawsuit to his wife and the victim of his crime, and the allegedly false testimony concerning a prior conviction.  Defendants will be permitted to present relevant portions of the recording of Green's telephone conversations with his wife while he was incarcerated.  The Court will entertain a request to introduce any other similar evidence from Defendants so long as it bears upon Green's damages and the extent of his injury arising from the traffic accident.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Docket Entry #72) is hereby **DENIED**.  Plaintiff Jerry Dale Green is hereby **SANCTIONED** as described in this Opinion and Order.

IT IS FURTHER ORDERED that Plaintiff will be permitted to seek and obtain alternative legal counsel to represent his interests in this case.  He shall either have his counsel file an entry of appearance or Plaintiff shall file a statement that he will proceed *pro se* representing himself at trial no later than **JULY 25, 2012**. Should Plaintiff fail to file either of the documents described

herein, it will be presumed Plaintiff is proceeding *pro se*.

IT IS FURTHER ORDERED that Plaintiff shall respond to the following motions filed after Plaintiff's counsel withdrew from the case no later than **AUGUST 24, 2012** - (1) Defendants' Motions in Limine filed March 19, 2012 (Docket Entry #63); (2) Defendants' Daubert Motion to Exclude Dr. Ralph Scott filed March 19, 2012 (Docket Entry #62); and (3) Defendants' Daubert Motion to Exclude Dr. Arthur Conley filed March 19, 2012 (Docket Entry #61). Defendants may file a reply to Plaintiff's response within fourteen (14) days after the response is filed.

IT IS FURTHER ORDERED that a jury trial shall be conducted in this case for **OCTOBER 15, 2012 at 9:00 A.M.** A Pretrial Conference shall be conducted on **SEPTEMBER 27, 2012 at 9:45 A.M.** The parties shall abide by the following schedule: (1) requested jury instructions shall be exchanged by **SEPTEMBER 13, 2012**; (2) disputed deposition designations shall be made by **SEPTEMBER 13, 2012**; (3) counter designations shall be made by **SEPTEMBER 20, 2012**; (4) pre-marked exhibits shall be exchanged by **SEPTEMBER 20, 2012**; (5) demonstrative exhibits shall be exchanged by **SEPTEMBER 20, 2012**; (6) a proposed agreed pretrial order shall be submitted to the Court by **SEPTEMBER 20, 2012**; (7) agreed jury instructions, disputed jury instructions, proposed voir dire, and trial briefs shall be filed by **SEPTEMBER 20, 2012**.

IT IS SO ORDERED this 25th day of June, 2012.

*[signature]*
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE