# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

JERRY DALE GREEN, )
)
Plaintiff, )
)
v. ) Case No. CIV-10-415-KEW
)
JOEL MARK HARGIS, )
an individual; and )
WESTERN EXPRESS, INC., )
)
Defendants. )

## OPINION AND ORDER

This matter comes before the Court on what is interpreted to be Plaintiff Jerry Dale Green's Motion to Dismiss filed September 25, 2012 (Docket Entry #97). By minute order entered September 25, 2012, this Court acknowledged Plaintiff's submission of some 10 pages of hand written materials, found that the submission constituted a request for dismissal, and directed that an expedited response be filed by Defendants and an opportunity be provided to Plaintiff to file a reply. The minute order was mailed to Plaintiff. Defendants filed a response - Plaintiff did not file a reply.

A complete recitation of the circuitous history of this case is unnecessary as it has been related in numerous orders and briefs which are filed of record. It is sufficient to recognize that, by his own actions, Plaintiff became *pro se* in this case after his attorney could no longer represent him based upon certain misrepresentations made while he was providing sworn testimony.

Since that time, several adverse rulings have been entered against Plaintiff including a sanction order, the exclusion of expert witness testimony from trial, and the inclusion of Plaintiff's own adverse statements in the presentation of evidence to the jury. This activity culminated in Plaintiff's filings of September 25, 2012. In this document, partially written by Plaintiff himself, partially written by his mother due to his alleged educational limitations, reflects his contentions as to the manner in which this lawsuit has adversely affected his life. Plaintiff attempts to offer an explanation of his understanding of how events transpired in this case. However, his ultimate request is "to <u>withdraw</u> from this case," followed by his signature. He repeats this request in the multi-page document written by his mother, Helen Hurley and signed by Ms. Hurley and Plaintiff. Again, this Court interprets this set of documents as a request for dismissal.

In their response, Defendants raise some legitimate concerns in opposition to the unfettered dismissal of this case. Defendants first request that the dismissal be with prejudice, citing the considerable record of misconduct by Plaintiff. Alternatively, they request that any dismissal without prejudice include a requirement that their attorneys' fees and costs be paid prior to the refiling of the case and that Plaintiff be bound by all evidentiary and sanctions orders and rulings previously made in this action.

Under Fed. R. Civ. P. 41(a)(2), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper" after the filing of a responsive pleading. The request to dismiss this action is made on the very eve of trial. Plaintiff offers little explanation or justification for this belated request other than an overall statement that he tires of the rigors of this litigation. Still, a dismissal with prejudice under the circumstances presented, including Plaintiff's *pro se* status and limited understanding of the proceedings albeit largely of his own making, is not warranted. Defendants are, however, entitled to safeguards and considerations in light of the prejudice this late dismissal obviously heaps upon them. The award of fees and costs constitutes an appropriate term or condition of dismissal, unless the action is dismissed with prejudice. <u>AeroTech, Inc. v. Estes</u>, 110 F.3d 1523, 1527-28 (10th Cir. 1997). Given the current state of the action and the past conduct of Plaintiff, he will be required to pay the reasonable attorneys' fees and costs incurred by Defendants in this action, to be submitted by subsequent application, prior to being permitted to refile the same or similar action based upon the same occurrence. Further, should Plaintiff refile this action, he will be bound by all rulings made by this Court prior to the entry of this Opinion and Order. In other words, Plaintiff will enter any new action in which the claims are based upon the same occurrence

or events at the same point at which he leaves this action - discovery completed, evidentiary rulings made, and ready for a jury trial. This Court recognizes such a preemptive ruling is unusual - but Plaintiff's conduct has precipitated it.

IT IS THEREFORE ORDERED that Plaintiff Jerry Dale Green's Motion to Dismiss filed September 25, 2012 (Docket Entry #97) is hereby **GRANTED**. This action is hereby **DISMISSED WITHOUT PREJUDICE** under the express terms and conditions set forth in this Opinion and Order.

IT IS FURTHER ORDERED that the Pretrial Conference currently set for October 25, 2012 at 9:00 a.m. is hereby **STRICKEN**.

IT IS SO ORDERED this 19th day of October, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE